**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

**In re:**

**THE MORGAN CENTER, INC.**     **CASE NO. 19-13278-BFK**

**Debtor**     **CHAPTER 7**

**MOTION TO CONSOLIDATE CHAPTER 7 CASES**

The Morgan Center ("Morgan Center"), by counsel, hereby files this Motion seeking an order consolidating this case with the Chapter 7 case of Northern Virginia Advocacy and Counseling, Inc., Chapter 7 Case No. 19-13319-BFK, and in support thereof states as follows:

1.  This case was filed as a voluntary case under Chapter 7 of Title 11 on October 3, 2019 (the "Petition Date"). Janet Meiburger has been appointed the Chapter 7 trustee. The first meeting of creditors was held on November 7, 2019.

2.  During the period of its operations, Morgan Center provided services to clients involving or related to (i) Family Therapy, (ii) Stress Management, (iii) Separation and Divorce Therapy, (iv) PTSD Therapy for Veterans, (v) Grief and Loss Therapy for children, (vi) Anxiety and Depression Therapy, (vii) Post-partum Depression Therapy, (viii) Attention Deficit Disorders Counseling, (ix) Autism Counseling, (x) Special Education Advocacy, (xi) Educational Consulting, (xii) Autism social skills, (xiii) ABA Services, (xiv) Nutrition

Ann E. Schmitt, VSB # 22030
CULBERT & SCHMITT, PLLC
40834 Graydon Manor Lane
Leesburg, VA 20175
(703) 737-7797
aschmitt@culbert-schmitt.com

Counseling, (xv) Workshops, (xvi) Professional Talks at area schools, (xvii) Professional talks at area businesses on work-related issues, (xviii) Child Development, (xix) Forensic Evaluations, (xx) Psychological Testing for learning Disabilities, (xxi) Mediation, (xxii) Mediation Plus, (xxiii) Parent Reunification, (xxiv) Parent Coordination, (xxv) Supervised Visitation, (xxvi) Expert Witness testimony on Custody-related issues, (xxvii) Psychiatric services, (xviii) Social skills groups for children, (xxix) Women's' Groups, and (xxx) Men's' groups.

3. Morgan Center ceased business operations in May 2017.

4. The NVAC chapter 7 proceeding was filed on October 7, 2019. Donald King has been appointed the interim Chapter 7 trustee. The first meeting of creditors was held on November 14, 2019.

5. Prior to the filing of its bankruptcy, in contrast with the broad menu of services provided by Morgan Center, NVAC provided a more limited range of services to clients involving or related to (i) Anxiety and depression Therapy, (ii) Special Education Advocacy, (iii) Psychological Testing for Children exposed to Trauma, and (iv) Attachment Evaluations.

6. In October 2018, Michael Handberg, who holds a judgment against Morgan Center, filed suit against both companies alleging a fraudulent transfer of Morgan Center assets or "business" to NVAC and further alleging that NVAC was the alter ego/successor entity of/to Morgan Center (the "State Court Litigation"). The basis for the State Court Litigation was, in part, that NVAC had purchased certain tangible assets of Morgan Center and subleased Morgan Center's commercial space for the balance of the lease term, approximately six (6) months.

7. There are insufficient assets in either estate to pursue or defend claims of fraudulent conveyance and/or successor liability. The second largest creditor of Morgan Center, Michael Handberg has a claim against Morgan Center and is listed as a disputed creditor in the

NVAC case. Based on the allegations in the State Court Litigation, it is expected that Mr. Handberg will assert this claim against NVAC. The largest creditor in both cases is the law firm of Campbell Flannery, which provided legal services to both debtors in the State Court Litigation. These two claims account for 85% of Morgan Center debt and 89% of the NVAC debt.

8. As the assets and liabilities of the two companies are essentially the same, it makes no sense for the two chapter 7 cases to be administered separately or for the parties and/or estates to expend more financial and judicial resources fighting over the issues raised in the State Court Litigation. Indeed, consolidation would achieve the very thing Mr. Handberg purportedly wished to accomplish in the State Court Litigation – namely, the ability to assert a claim against NVAC and/or its assets.

9. Campbell Flannery does not object to the consolidation of the cases.

10. Neither of the Chapter 7 trustees objects to the consolidation of the cases, nor does the Office of the United States Trustee. After consultation with all of these parties, the consensus is that it would be best if Janet Meiburger is appointed trustee for the consolidated cases. Trustee Meiburger has indicated a willingness to serve as trustee and to administer the consolidated case.

11. Debtor believes that it is in the best interest of creditors in both cases for the cases to be consolidated. This will allow the most economical administration of the estates and should allow for a small distribution to creditors. If the cases are not consolidated, it is not expected that any assets will be available for creditors and that any remaining value would likely be exhausted through unnecessary litigation between the estates.

WHEREFORE, Debtor asks the court to enter an order consolidating the cases and granting such other relief as is just.

THE MORGAN CENTER, INC.

By Counsel:

*/s/ Ann E. Schmitt*
Ann E. Schmitt, VSB # 22030
CULBERT & SCHMITT, PLLC
40834 Graydon Manor Lane
Leesburg, VA 20175
703-737-7797
aschmitt@culbert-schmitt.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

**In re:**

**THE MORGAN CENTER, INC.**　　　　　　　　　　**CASE NO.: 19-13278-BFK**

　　　　　　**Debtor**　　　　　　　　　　　　　　　**CHAPTER 7**

## ORDER CONSOLIDATING CASES

THIS MATTER came on upon the Motion of the Debtor seeking a consolidation of this case with that of Northern Virginia Advocacy and Consulting, Inc., Case No. 19-13319-BFK, and the Motion having been duly noticed and no objection having been filed, and

IT APPEARING TO THE COURT that the relief requested is appropriate, it is therefore

ORDERED that this case is substantially consolidated with that of Northern Virginia Advocacy and Consulting, Inc. and that both cases will be designated as follows:

**In re:**　　　　　　　　　　　　　　　　　　　**Case No. 19-13278-BFK**
　　　　　　　　　　　　　　　　　　　　　　　　**(consolidated)**

**The Morgan Center**　　　　　　　　　　　　　**Chapter 7**

　　　　**Debtor(s)**

1

Date: _____                         _____
                                                    Brian F. Kenney


The Morgan Center, Inc.
By Counsel:

_____
Ann E. Schmitt, VSB # 22030
CULBERT & SCHMITT, PLLC
40834 Graydon Manor Lane
Leesburg, VA 20175
(703) 737-7797
aschmitt@culbert-schmitt.com


## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing, together with a copy of the Motion, were served by electronic mail on James Campbell at jcampbell@campbellflannery.com and on all parties on the attached mailing list, this 25th day of November, 2019.


                              */s/ Ann E. Schmitt*