**UNITED STATES BANKRUPTCY COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **In the Matter of:** : | |
| : | |
| : | **Chapter 7** |
| **THE MORGAN CENTER, INC.,** : | |
| : | **Case No. 19-13278-BFK** |
| Debtor. : | |
| : | |

## OBJECTION TO CLAIM OF CAMPBELL FLANNERY, P.C.

COMES NOW Michael Handberg ("Handberg"), by counsel, and files this Objection to the proof of claim #3-1 filed herein by Campbell Flannery, P.C. ("CFP"), and does object to the proof of claim filed by CFP for the reasons set forth hereinbelow.

1. The Debtor, The Morgan Center, Inc. ("TMC"), commenced this case by the filing of a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code on October 8, 2019 (the "Petition Date"). Janet M. Meiburger ("Trustee") has been appointed and remains as the duly qualified and acting Chapter 7 Trustee in this case. On January 22, 2020, this Court entered an order substantively consolidating this case with the related Chapter 7 case of Northern Virginia Advocacy Counseling ("NVAC"), case #19-13319-BFK with the TMC case designated as the lead case.

2. The Trustee has indicated that there are assets in the consolidated case and has requested that the Clerk of the Court set a bar date for filing proofs of claims herein. The bar date for filing proofs of claims was set for May 15, 2020 (the "Bar date").

3. Handberg is a judgment creditor of TMC and has also asserted claims against the related entity NVAC. Handberg has filed proofs of claims in each of the consolidated cases herein.

4. CFP has filed a proof of claim which has been docketed on the claims register of this proceeding as Claim #03-1. The proof of claim filed by CFP alleges a claim for legal fees related to joint representation of TMC, NVAC and their principal, Felicia Goldberg ("Goldberg").

5. Handberg objects to CFP's proof of claim filed herein for the following reasons:

    a. Handberg has reason to believe that CFP's joint representation of TMC, NVAC and Goldberg was undertaken on a contingent fee basis, predicated upon prevailing upon an appeal of a defamation action brought against Handberg and prosecuted by CFP on behalf of Goldberg.

    b. Alternatively, Handberg believes and represents that fees payable to CFP were the obligation of Goldberg personally, and not the corporate entities.

    c. Handberg further objects on the basis that CFP has failed to provide any documentation in support of its alleged claims. The proof of claim filed herein fails to attach any claimed contract or agreement, any itemized invoices or evidence of payment of same, or any other document from which CFP's alleged claim could be confirmed or evaluated.

6. 11 U.S.C. 502 provides that, upon objection made to a proof of claim, the court shall disallow such claim to the extent that "such claim is unenforceable against the debtor and property of the debtor, *under any agreement* or applicable law for a reason other than because

such claim is contingent or unmatured, ….." 11 U.S.C. 502(b)(1), emphasis supplied. Handberg represents and avers that the proof of claim filed by CFP should be disallowed in full to the extent it is shown that CFP undertook representation on a contingent fee basis, or to the extent it is shown that Goldberg was principally and personally responsible for payment of any fees and expenses incurred by CFP. Alternatively, CFP seeks reduction of the proof of claim filed herein to the extent its documents and records fail to support and confirm the amounts set forth therein.

      7.      Handberg reserves the right to supplement this Objection.

**MICHAEL HANDBERG**
**By Counsel**

/s/ Kevin M. O'Donnell
Kevin M. O'Donnell, VSB #30086
Jeffery T. Martin, Jr., VSB #71860
Henry & O'Donnell, P.C.
300 N. Washington Street
Suite 204
Alexandria, Virginia  22314
703-548-2100 *telephone*
703-548-2105 *facsimile*
kmo@henrylaw.com
Counsel to Michael Handberg

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing pleading was sent via the ECF system to counsel for Campbell Flannery, P.C., Debtor's counsel, the Chapter 7 Trustee, the U.S. Trustee and all parties requesting notice herein, and by first class mail, postage prepaid, on this 8th day of May, 2020 to the Debtor at its address of record herein.

                                            /s/ Kevin M. O'Donnell
                                           Kevin M. O'Donnell